UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARSHALL MYRICK, on behalf of himself
and on behalf of all others similarly situated,

    Plaintiff,

v.                                                    Case No. :

THE MIDDLESEX CORPORATION,

    Defendant.
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARSHALL MYRICK ("Plaintiff"), by and through undersigned counsel, and on behalf of himself, the Putative Class set forth below, as well as in the public interest, brings the following Class Action as of right against Defendant, THE MIDDLESEX CORPORATION ("Defendant") under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. § 1681 et seq.

## PRELIMINARY STATEMENT

1. Defendant THE MIDDLESEX CORPORATION is a Massachusetts corporation that specializes in highway, bridge, marine, rail, and transit construction in the Northeast and Southeast United States.

2. At all times material hereto, Defendant was subject to personal jurisdiction in the State of Florida under the Florida Long Arm Jurisdiction Act, Fla. Stat. § 48.193. Defendant is subject to personal jurisdiction in Florida, because it caused injury in the State of Florida through its acts and omissions outside of the State of Florida.

3. Defendant routinely obtains and uses information in consumer reports to conduct background checks on prospective and current employees, and frequently relies on such information, in whole or in part, as a basis for taking adverse employment action, such as termination of employment, reduction in working hours, demotion, failure to hire, and failure to promote.

4. While the use of consumer report information for employment purposes is not per se unlawful, it is subject to strict disclosure and authorization requirements under the FCRA.

5. Defendant willfully violated these requirements, thereby systematically violating Plaintiff's rights and the rights of other putative class members.

6. Defendant violated 15 U.S.C. § 1681b(b)(3)(A) by taking adverse employment action based on undisclosed consumer report information against Plaintiff and other putative class members, without first providing Plaintiff and other affected class members with a copy of the pertinent consumer report, and without providing them a reasonable opportunity to respond to the information in the report and discuss it with Defendant.

7. Based on the foregoing violations, Plaintiff asserts an FCRA claim against Defendant on behalf of himself and a putative class, consisting of Defendant's employees and prospective employees.

8. In Count One, Plaintiff asserts a FCRA claim under 15 U.S.C. § 1681b(b)(3)(A) on behalf of an "Adverse Action Class," consisting of all of Defendant's employees and prospective employees in the United States against whom adverse

employment action was taken by Defendant, based, in whole or in part, on information contained in a consumer report obtained within five years of the filing of this complaint through the date of final judgment in this action, and who were not provided the proper pre-adverse notice as required under 15 U.S.C. § 1681b(b)(3)(A).

9. On behalf of himself and the Putative Class identified above, Plaintiff seeks statutory damages, costs and attorneys' fees, equitable relief, and other appropriate relief under the FCRA.

## THE PARTIES

10. Individual and representative Plaintiff MARSHALL MYRICK ("Plaintiff") lives in Tampa, Florida. Plaintiff is a former employee of Defendant, and is also a member of the Putative Class defined below.

11. Defendant maintains corporate headquarters in Littleton, Massachusetts. According to its website, Defendant has open positions in Connecticut, Massachusetts, New York, and Florida. Therefore, it is estimated that the number of affected employees exceeds 100.

## JURISDICTION AND VENUE

12. This Court has federal question jurisdiction over Plaintiff's FCRA claims under 28 U.S.C. § 1331. This Court also has subject matter jurisdiction over Plaintiff's claims under the FCRA, 15 U.S.C. §§ 1681n and 1681p.

13. This Court has personal jurisdiction over Defendant under the Florida Long Arm Jurisdiction Act, Fla. Stat. Section 48.193.

3

14. Furthermore, this Court's exercise of personal jurisdiction over Defendant is constitutionally sound. Through its operations in Brooksville, Florida as well as its regional office in Orlando, Florida Defendant has established sufficient minimum contacts with the State of Florida to make it reasonably foreseeable that Defendant could be sued in Florida. Defendant will suffer no unfair prejudice from the exercise of this Court's personal jurisdiction, which serves the interests of justice in this case.

15. Venue is proper in the United States District Court for the Middle District of Florida under 28 U.S.C. § 1391. Plaintiff resides in Tampa, Florida, worked for Defendant in Brooksville, Florida. A substantial part of Plaintiff's claims arose in Brooksville, where Defendant regularly conducts business. Venue is proper in the Middle District because the majority of the events giving rise to these claims occurred in this District.

## ALLEGATIONS REGARDING DEFENDANT'S BUSINESS PRACTICES

### *Background Checks*

16. Defendant conducts background checks on the majority of its prospective employees as part of a standard screening process. In addition, Defendant also conducts background checks on its current employees from time to time during the course of their employment.

17. Defendant does not perform these background checks in-house. Rather, Defendant relies on various outside consumer reporting firms to obtain this information, and return the corresponding reports to Defendant. These reports are "consumer reports" within the meaning of the FCRA.

### *FCRA Violations Relating to Adverse Action Class*

24. The FCRA provides that "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates . . . a copy of the report[.]" 15 U.S.C. § 1681b(b)(3)(A)(i).

25. Defendant typically does not provide prospective or current employees with a copy of their consumer reports before taking adverse action against them based on the information in such reports. In the instant case, Plaintiff was terminated from employment on the basis of information that was obtained by Defendant and contained in Plaintiff's consumer report; however, Plaintiff never received any pre-adverse action notice from Defendant.

26. This practice violates one of the most fundamental protections afforded to employees under the FCRA, and it also runs counter to long-standing regulatory guidance from the FTC:

> [15 U.S.C. § 1681b(b)(3)(A)] requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information…

Letter from William Haynes, Fed. Trade Comm'n, to A. Michael Rosen, Esq., Sr. VP Background America, Inc. (Jun. 9, 1998), 1998 WL 34323763 (F.T.C.) at *1, available at: https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-rosen-06-09-98.

27. By failing to provide Plaintiff and other Putative Class members with copies of their consumer reports prior to taking adverse employment action against them based on the information contained in such reports, Defendant willfully disregarded this unambiguous regulatory guidance as well as the plain language of the statute, in violation of 15 U.S.C. § 1681b(b)(2)(A).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

28. In September 2016, Plaintiff applied for a position with Defendant as a construction worker for Defendant's project in Brooksville, Florida.

29. After reviewing Plaintiff's qualifications, Defendant offered Plaintiff the position for which he had applied.

30. Defendant told Plaintiff that its offer of employment was subject to the completion of a background check.

31. On or about September 22, 2016, Defendant procured a consumer report on Plaintiff by using the services of a third-party vendor.

32. On or about November 28, 2016, Defendant terminated Plaintiff's employment.

33. Plaintiff was given no pre-adverse notice whatsoever of the information contained in the consumer report upon which Defendant based its decision to terminate his employment. As a result, Plaintiff was deprived of any opportunity to review the information in the report and discuss it with Defendant before he was terminated from employment, in violation of the FCRA.

34. It was unlawful for Defendant to terminate Plaintiff's employment or

deny Plaintiff employment on the basis of information contained in a consumer report, without first providing Plaintiff with a copy of the report, notifying Plaintiff of his rights under the FCRA, and giving Plaintiff a reasonable opportunity to respond. It was also unlawful for Defendant to procure a consumer report on Plaintiff without making the disclosures required by the FCRA.

35. Defendant violated 15 U.S.C. § 1681b(b)(3)(A) when it took adverse employment action against Plaintiff and other putative class members based on information in their consumer reports, without first providing Plaintiff and other affected class members with a copy of their consumer reports, notifying them of their rights under the FCRA, and giving them a reasonable opportunity to respond to the information in the report and engage in discussion with Defendant.

36. The FCRA requires employers to provide notice at three different periods: (1) before an employer requests and/or procures a consumer report, it must provide notice to the employee in a "stand-alone" document, and must also receive written authorization from the employee (referred to as "Disclosure and Authorization"); (2) once an employer obtains a consumer report on an employee and before an employer can take adverse action against this same employee, it must first provide the employee with a copy of the report, and provide the employee with a description of the employee's rights under the FCRA (referred to as "Pre-Adverse Action Notice"); and (3) once an employer takes adverse action, it must notify the employee that (i) it is taking adverse action based on the information contained in the employee's consumer report, (ii) it is providing the employee with the name, address, and telephone number of the consumer reporting

agency that furnished the consumer report, (iii) it is providing the employee with a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with specific reasons as to why the adverse action was taken, (iv) it is providing the employee with notice of the employer's rights as a consumer to obtain…a free copy of the consumer report on the consumer from the consumer reporting agency…[within] the 60–day period," and (v) it is providing the employee with "notice of the consumer's right to dispute…with a consumer reporting agency the accuracy or completeness of any information in a consumer repot furnished by the agency [(referred to as "Post-Adverse Action Notice")]." See 15 U.S.C. §§ 1681b and 1681m.

37. Defendant failed to satisfy the requirements of the Pre-Adverse Action Notice when it procured Plaintiff's consumer report and terminated Plaintiff's employment based on, information contained in Plaintiff's consumer report.

## CLASS ACTION ALLEGATIONS

38. Plaintiff assert a claim under Count 1 of this Complaint on behalf of a Putative Adverse Action Class defined as follows:

> **Pre-Adverse Action Notice Class:** All of Defendant's employees and prospective employees in the United States against whom adverse employment action was taken based, in whole or in part, on information contained in a consumer report within five years of the filing of this Complaint through the date of final judgment in this action, and who were not provided the proper pre-adverse notice as required under 15 U.S.C. § 1681b(b)(3)(A).

39. <u>Numerosity</u>: The members of the Putative Class are so numerous that joinder of all Class members is impracticable. Defendant regularly obtains and uses information in consumer reports to conduct background checks on

prospective employees and current employees, and frequently relies on such information, in whole or in part, as a basis for taking adverse employment action. Plaintiff is informed and believes that during the relevant time period, hundreds of Defendant's employees and prospective employees satisfy the definition of the Putative Class.

40. <u>Typicality</u>: Plaintiff's claims are typical of those of the members of the Putative Class. Defendant typically uses consumer reports to conduct background checks on employees and prospective employees. Defendant typically does not provide copies of consumer reports to employees or prospective employees before taking adverse action against them, based on information contained in such reports. The FCRA violations suffered by Plaintiff are typical of those suffered by other Putative Class members, and Defendant treated Plaintiff in a manner consistent with its treatment of other Putative Class members under its standard policies and practices.

41. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Putative Class, and has retained counsel experienced in complex class action litigation.

42. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Putative Class, and predominate over any questions solely affecting individual members of the Putative Class. These common questions include, but are not limited to:

    a. Whether Defendant uses consumer report information to conduct background checks on employees and prospective

        employees;

    b.    Whether Defendant's background check practices and/or procedures comply with the FCRA;

    c.    Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action Class that may have been based on information in a consumer report, without first furnishing a copy of the report to the affected persons;

    d.    Whether Defendant's violations of the FCRA were willful;

    e.    The proper measure of statutory damages; and

    f.    The proper form of injunctive and declaratory relief.

43.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1), because prosecution of actions by or against individual members of the Putative Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual Class member's claim as separate action would potentially be dispositive of the interest of other individuals not a party to such action, thereby impeding their ability to protect their interests.

44.    This case is also maintainable as a class action under Fed. R. Civ. P. 23(b)(2), because Defendant has acted or refused to act on grounds that apply generally to the Putative Class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Class as a whole.

45.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3), because questions of law and fact common to the Putative Class predominate over any questions affecting only individual members of the Putative Class, and also because a

class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct, which is described in this Complaint, stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against Defendant, as the amount of each Class member's individual claim for damages is small in comparison to the expense and burden of individual prosecution.  Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any foreseeable difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single action, brought in a single forum.

46.    Plaintiff intends to send notice to all members of the Putative Class to the extent required by Rule 23. The names and addresses of the Putative Class members are readily available from Defendant's records.

## FIRST CLAIM FOR RELIEF
### Failure to Provide Copy of Consumer Report in Violation of FCRA
### 15 U.S.C. § 1681b(b)(3)(A)

47.    Defendant may have used a "consumer report," as defined by the FCRA, to take adverse employment action against Plaintiff and other members of the Adverse Action Class.

48.    Defendant violated the FCRA by failing to provide Plaintiff and other Adverse Action Class members with a copy of the consumer report that may have been

used to take adverse employment action against them. See 15 U.S.C. § 1681b(b)(3)(A).

49. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Adverse Action Class members under 15 U.S.C. § 1681b(b)(3)(A). Defendant knew or should have known of its legal obligations under the FCRA. These obligations are well established in the plain language of the statute and in the promulgations of the Federal Trade Commission. Defendant obtained or otherwise had available substantial written materials that apprised Defendant of its duties under the FCRA. Any reasonable employer knows of the existence of these FCRA mandates, or can easily discover their substance.

50. Plaintiff and the Adverse Action Class are entitled to statutory damages of not less than one hundred Dollars ($100) and not more than one thousand Dollars ($1,000) for each and every one of these violations under 15 U.S.C. § 1681n(a)(1)(A), in addition to punitive damages under 15 U.S.C. § 1681n(a)(2).

51. Plaintiff and the Adverse Action Class are further entitled to recover their costs and attorneys' fees, in accordance with 15 U.S.C. § 1681n(a)(3).

## PRAYER FOR RELIEF

52. **WHEREFORE**, Plaintiff, on behalf of himself and the Putative Class, pray for relief as follows:

    A.    Determining that this action may proceed as a class action under Rule 23(b)(1), and (2) and (3) of the Federal Rules of Civil Procedure;

    B.    Designating Plaintiff as class representative and designating

  Plaintiff's counsel as counsel for the Putative Class;

C. Issuing proper notice to the Putative Class at Defendant's expense;

D. Declaring that Defendant committed multiple, separate violations of the FCRA;

E. Declaring that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations under the FCRA;

F. Awarding statutory damages as provided by the FCRA, including punitive damages;

G. Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

H. Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the Putative Class demand a trial by jury for all issues so triable.

Dated this 1st day of February, 2017.

                                              Respectfully submitted,

                                              /s/ Brandon J. Hill

                                              **BRANDON J. HILL**
                                              Florida Bar Number: 0037061
                                              **WENZEL FENTON CABASSA, P.A.**
                                              1110 N. Florida Avenue
                                              Suite 300
                                              Tampa, Florida 33602
                                              Main Number: 813-224-0431
                                              Direct Dial: 813-337-7992
                                              Facsimile: 813-229-8712
                                              Email: bhill@wfclaw.com
                                              Email: mk@wfclaw.com
                                              **Attorneys for Plaintiff**