UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARSHALL MYRICK, on behalf of
himself and on behalf of all others
similarly situated,

   Plaintiff,

vs.              Case No. 8:17-cv-261-T-27MAP

THE MIDDLESEX CORPORATION,

   Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Unopposed Motion to File Exhibit and Response in Opposition to Plaintiff's Amended Memorandum in Support of Motion for Class Certification Under Seal (Dkt. 31). Upon consideration, the motion is **DENIED without prejudice**.

Trial courts have the inherent authority and discretion to seal records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Decisions on motions to seal must balance the public's common law right of access against the interests favoring confidentiality. *Id.* at 599. The common law right of access is implicated by any pretrial motion that requires judicial resolution of the merits, including motions for class certification, summary judgment motions, motions *in limine*, and *Daubert* motions, and can be overcome only by a showing of "good cause." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-12 (11th Cir. 2001).[1]

---

[1] *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access."); *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016)(" in class actions—where by definition 'some members of the public are also parties to the [case]'—the standards for denying public access to the record 'should be applied . . . with particular strictness.'" (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)); *Rushford v. New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988) (summary judgment motions); *In re Midland Nat'l Life Ins.*

1

The decision to seal is the trial court's prerogative, not the parties'. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). The "good cause" standard requires the trial court to "balance the respective interests of the parties." *Chicago Tribune*, 263 F.3d at 1313. Whether good cause exists depends on the nature and character of the information in question. *Romero*, 480 F.3d at 1246. In balancing the public interest in access to court documents against a party's interest in keeping the information confidential, courts consider

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

The Local Rules for the Middle District of Florida also prescribe the contents of a motion to seal. The movant must include (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal. M.D. Fla. L. R. 1.09(a).

Defendant's motion fails to comply with the Local Rules. Defendant does not provide the reason why Plaintiff's background screening report and the specific details of his "multiple felonies" dating back to 1993, (Dkt. 23 at 4), "violent offenses," (Dkt. 24 at 17:14-15), and "charge . . . indicated as open even though it had been closed," (Dkt. 32 at 13), are necessary to file in support

---

*Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119-20 (9th Cir. 2012) (*Daubert* materials).

of its response. And, Defendant does not include the reason why the redacted version of its response is unsatisfactory or a statement of the proposed duration of the seal.

Accordingly, Defendant's Unopposed Motion to File Exhibit and Response in Opposition to Plaintiff's Amended Memorandum in Support of Motion for Class Certification Under Seal (Dkt. 31) is **DENIED without prejudice**. Defendant is granted leave to file a motion to seal that complies with the Local Rules within **seven (7) days**, failing which Plaintiff's Amended Memorandum in Support of Motion for Class Certification (Dkt. 23) and Defendant's redacted response (Dkt. 31) will be taken under advisement.

**DONE AND ORDERED** this 14th day of September, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record